UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN P. DUNDON,

                      Petitioner,

-against-                                              04-CR-78
                                                            [07-CV-862]

UNITED STATES OF AMERICA,

                      Respondent.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

Petitioner John P. Dundon, *pro se*, moves pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. Petitioner alleges, *inter alia*, that he was denied constitutionally effective assistance of counsel because his trial counsel failed to file a Notice of Appeal despite Petitioner's request that he file one. See Pet., dkt. # 62. The Government has opposed the motion, dkt. # 72, and Petitioner has replied. Dkt. # 73; see Suppl. filing, dkt. # 86.

**II.    DISCUSSION**

In a previous Order, the Court noted that a factual dispute existed as to what occurred between Dundon and his trial counsel relative to filing a notice of appeal. See 3/25/08 Order [dkt. #77]. Therefore, the Court set the matter down for a factual hearing.

1

Id. Recently, Dundon's current counsel filed a supplement to the Section 2255 motion. See Supplemental filing [dkt. # 86]. The supplement includes a declaration from Dundon's trial counsel. See Supplemental filing [dkt. # 86]. In the declaration, trial counsel concedes that at the sentencing proceeding, Dundon requested trial counsel's consultation on whether or not to file an appeal; that trial counsel promised Dundon that he would visit him at the jail to discuss an appeal; that trial counsel failed to follow through on that promise; that it is likely that had Dundon tried to make collect phone calls to him to discuss the appeal, trial counsel may not have been available to accept those calls; that trial counsel did not file a notice of appeal; that trial counsel believes that there are nonfrivolous grounds for appeal of the sentence that exceeded the appeal waiver; and that, had trial counsel consulted with Dundon, he believes that Dundon would have directed him to file a timely notice of appeal. See Whiting Decl. [dkt. # 86-2]. Trial counsel further indicates that because he cannot recall exactly what Dundon said at the conclusion of the sentencing proceeding, he cannot dispute Dundon's allegation that Dundon specifically asked that a notice of appeal be filed.

The failure to file a notice of appeal, when requested by a defendant following a conviction, is deemed ineffective assistance of counsel within the meaning the Sixth Amendment. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003); Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002); McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(To state a cognizable Sixth Amendment claim for ineffective

assistance of counsel, Petitioner must prove: (1) counsel's conduct fell below an objective standard of reasonableness, and (2) this incompetence caused prejudice to defendant.). Further,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Flores-Ortega, 528 U.S. at 478-480. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484.

Based on the affidavits submitted by Dundon together with the recently-submitted declaration of trial counsel, there can be no material dispute that trial counsel was constitutionally deficient in failing to consult with Dundon within the notice of appeal period. Thus, there can be no dispute that Dundon has presented sufficient evidence of an ineffective assistance of counsel claim relative to trial counsel's failure to file a timely notice of appeal. Accordingly, no hearing is necessary to resolve the issue. See Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001).

Dundon's current counsel asks that this ineffective assistance of counsel claim be granted, that a new judgment be issued without Dundon being present in court, and that the remaining claims of the Section 2255 motion be dismissed without prejudice. See 7/3/08 Ltr. Mem L. [dkt. # 86-1]. The Court indicated in the March 25, 2008 Order:

> In an effort to preserve resources, the Court hereby puts the parties on notice that if Petitioner is successful on his ineffective assistance of counsel argument, the Court will vacate the judgment and may proceed immediately

>  to sentencing. See United States v. Fuller, 332 F. 3d 60, 64 (2d Cir. 2003)("Courts granting relief for a successful section 2255 motion challenging counsel's ineffectiveness in not pursuing a direct appeal have used either the resentencing remedy, or the more limited remedy of entry of a new judgment.")(citations omitted); Garcia, 278 F.3d at 138 (On a successful section 2255 motion of this type, the district court may either "(1) enter a new judgment imposing the same sentence in open court with defense counsel present, or (2) if the district court discerns any useful purpose in further considering the sentence, resentence the defendant."). Under such circumstances, Petitioner will then have the opportunity to take a timely appeal.  Fuller, 332 F. 3d at 65-66.

3/25/08 Order.

The Court will follow the same procedure now. Because the Court finds no useful basis in further considering the sentence, the Court will not resentence the defendant but rather will enter a new judgment imposing the same sentence in open court with defense counsel present.

### III.   CONCLUSION

For the reasons set forth above, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**.  The motion is granted on Petitioner's claim that he was denied constitutionally effective assistance of counsel because trial counsel failed to file a timely notice of appeal. The motion is denied without prejudice in all other respects.

On a date to be scheduled by the undersigned's Courtroom Deputy, the Court will enter a new judgment imposing the same sentence in open court with defense counsel present.  Defendant will not be present, and the Amended Order & Writ of Habeas Corpus ad Prosequendum dated April 8, 2008 is **VACATED**.

**IT IS SO ORDERED**

**DATED:** July 7, 2008

                                                 Thomas J. McAvoy
                                                 Senior, U.S. District Judge